TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00816-CV






Roland D. Fortenberry, Jr., a/k/a Dale Fortenberry, Jr. and 

Fortune Products, Inc., Appellants


v.


Gerald R. Cavanaugh, Jr. and Dianna Cavanaugh, Appellees







FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT

NO. 30599, HONORABLE V. MURRAY JORDAN, JUDGE PRESIDING






O R D E R


PER CURIAM

 Roland D. Fortenberry, Jr. and Fortune Products, Inc., appellants and defendants
below, have filed a motion for emergency relief asking this Court to stay the trial court's order
appointing a receiver pending the resolution of their appeal. (1) 

 This request to stay arises out of a conflict between two families that own equal
shares in Fortune Products. The Cavanaughs, appellees and plaintiffs below, asked the trial court
to appoint a receiver while the dispute was pending. Fortenberry objected to the appointment of a
receiver, arguing that the company continued to operate smoothly and was not threatened with
imminent harm. See Tex. Bus. Corp. Act Ann. art. 7.05(A)(1) (West 2003). After several hearings,
the trial court announced that it believed the shareholders had reached a deadlock and that it would
therefore appoint a receiver, asking the parties to suggest candidates. On November 29, 2004, the
trial court, acting on a motion filed by the Cavanaughs, signed an order appointing Burl Harper as
receiver. Harper was ordered to act as chief operating officer and as a fifth member of the
company's board, which was otherwise made up of Fortenberry and his wife and the Cavanaughs. 
Fortenberry and his counsel did not participate in the process and were unaware of the nomination
until after the appointment was made. On December 1, Fortenberry, unaware that the court had
signed an order appointing Harper, objected by letter to the Cavanaughs' proposed appointment of
Harper. On December 20, the trial court signed an order staying the appointment of Harper, but on
February 10, after several hearings, the court made an oral ruling that it would lift the stay. (2) As of
the date Fortenberry filed this motion, the trial court had not signed an order reducing its oral ruling
to writing.

 After the trial court signed its November 29 order appointing Harper as a receiver,
Fortenberry and the company took an accelerated appeal from the order. See Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(1) (West Supp. 2004-05). The record and Fortenberry's brief have been
filed; the Cavanaughs' brief is due in early March. Fortenberry's appeal asserts that the trial court
abused its discretion in appointing the receiver because the company was in sound financial
condition, Fortenberry was not able to present any evidence as to the receivership issue, there were
no findings made as to Harper's impartiality or qualification, and there is no authority to appoint a
receiver as a member of the corporate board. After the court made its oral ruling on February 10,
Fortenberry filed this motion for emergency relief, noting that after the February 10 ruling,
Cavanaugh sent out notice that a board meeting would be held on February 22. Fortenberry asserts
that he believes Harper is not impartial and he fears that if the board meeting is allowed to proceed
with Harper sitting as a fifth member, the board will vote to change corporate counsel, which could
result in the dismissal of the company's appeal, as well as the possible removal of Fortenberry as
president of the company and the firing of a "key employee."

 An injunction is appropriate to protect our jurisdiction because it appears that an
appeal over which this Court has jurisdiction has been perfected and that the subject matter of the
appeal needs to be preserved. Tex. Gov't Code Ann. § 22.221(a) (West 2004); see Dallas Morning
News v. Fifth Court of Appeals, 842 S.W.2d 655, 658 (Tex. 1992); see also In re Marriage of
Edwards, 79 S.W.3d 88, 97 (Tex. App.--Texarkana 2002, orig. proceeding) ("Shannon could have
protected her interest by requesting a stay of the order appointing a receiver pending review on
appeal"). Accordingly, to protect this Court's jurisdiction, we grant Fortenberry's request and stay
the trial court's order appointing a receiver and its ruling that lifted the December 20 stay.

 This motion was received by this Court on February 15, 2005, and the Cavanaughs
have not yet responded to Fortenberry's request, although they have indicated an intent to do so. 
Because the board meeting is scheduled for February 22, we will issue this stay immediately. 
However, we will allow the Cavanaughs to file a response. Nothing in this order should be
construed as an expression of this Court's opinion on the merits of the underlying appeal.

 It is ordered on February 18, 2005.


Before Chief Justice Law, Justices Puryear and Pemberton

1. As further explained below, Fortenberry asks this Court to stay a written ruling signed
November 29, 2004, appointing a receiver; an oral ruling made on February 10, 2005, lifting a stay
imposed by the trial court and reinstating the receiver; and any written order memorializing the oral
ruling.
2. Guilford L. Jones, presiding judge of the 33rd Judicial District, signed the December 20
order staying the appointment of Harper as receiver. V. Murray Jordan, who Fortenberry states is
sitting as a visiting judge, signed the order appointing Harper as receiver and made the oral
pronouncement that he was lifting the stay imposed by Judge Jones.